The Honorable Johnny M. Smith, Jr. Levy County Sheriff Post Office Drawer 1719 Bronson, Florida 32621-1719
Dear Sheriff Smith:
You have requested my opinion on the following question:
"If a domestic violence victim has filed a written request that his or her address and telephone number be withheld from public inspection pursuant to section 119.07(3)(s)1., Florida Statutes, must the law enforcement agency withhold that information from the police report when the report is furnished to a domestic violence center in accordance with section 741.29(2), Florida Statutes?"
In sum:
"Information revealing the home or employment address or telephone number or personal assets of a person who has been the victim of domestic violence should be excised from the copy of the report of domestic violence forwarded by a law enforcement agency to the nearest domestic violence center under the provisions of section 741.29(2), Florida Statutes, if the victim has made a request that such information be treated as exempt pursuant to section 119.07(3)(s)1., Florida Statutes."
Section 741.29, Florida Statutes, requires law enforcement officers investigating incidents of domestic violence to "advise the victim of such violence that there is a domestic violence center from which the victim may receive services."[1] Law enforcement officers are required to give victims immediate notice of their legal rights and remedies by providing them with a standard form developed by the Florida Department of Law Enforcement entitled "Legal Rights and Remedies Notice to Victims."[2]
Regardless of whether an arrest is made following an investigation of domestic violence, the law enforcement officer investigating must make a written police report indicating that "the alleged offense was an incident of domestic violence."[3] The statute requires:
"Such report shall be given to the officer's supervisor and filed with the law enforcement agency in a manner that will permit data on domestic violence cases to be compiled. Such report must include: (a) A description of physical injuries observed, if any. (b) If a law enforcement officer decides not to make an arrest or decides to arrest two or more parties, the officer shall include in the report the grounds for not arresting anyone or for arresting two or more parties. (c) A statement which indicates that a copy of the legal rights and remedies notice was given to the victim."[4]
Section 741.29(2), Florida Statutes, requires that the law enforcement agency send a copy of the initial police report on the incident to the nearest locally certified domestic violence center:
"The law enforcement agency shall, without charge, send a copy of the initial police report, as well as any subsequent, supplemental, or related report, which excludes victim/witness statements or other materials that are part of an active criminal investigation and are exempt from disclosure under chapter 119, to the nearest locally certified domestic violence center within 24 hours after the agency's receipt of the report."
Clearly the statute recognizes that criminal investigative information that may be contained in the initial police report of domestic violence that is exempt from disclosure under Chapter 119 is also exempt from disclosure to a domestic violence center despite the statutory mandate that these centers receive information on domestic violence incidents.
Section 119.07(3)(d), Florida Statutes, exempts active criminal intelligence information and active criminal investigative information from the disclosure provisions of the Public Records Law.[5] Criminal investigative information is defined in section 119.011(3)(b), Florida Statutes, as:
"[I]nformation with respect to an identifiable person or group of persons compiled by a criminal justice agency in the course of conducting a criminal investigation of a specific act or omission. . . ."[6]
Certain information, however, is not included within the scope of criminal investigative information. Section 119.011(3)(c)2., Florida Statutes, provides that criminal investigative information shall not include "[t]he name, sex, age, and address of a person arrested or of the victim of a crime except as provided in s. 119.07(3)(f)." Thus, information revealing the identity and location of a victim of domestic violence normally would not constitute criminal investigative information and would be subject to production and copying under the provisions of the Public Records Law.[7]
However, section 119.07(3)(s)1., Florida Statutes, provides, in part, that
"Any information not otherwise held confidential or exempt from the provisions of subsection (1) which reveals the home or employment telephone number, home or employment address, or personal assets of a person who has been the victim of sexual battery, aggravated child abuse, aggravated stalking, harassment, aggravated battery, or domestic violence is exempt from the provisions of subsection (1) and s. 24(a), Art. I of the State Constitution, upon written request by the victim, which must include official verification that an applicable crime has occurred. Such information shall cease to be exempt 5 years after the receipt of the written request."
Thus, the law authorizes a victim of domestic violence to request that information not otherwise made confidential or exempt from the Public Records Law be treated as exempt if the victim makes such a request in writing and supplies official verification of the crime. This exempt treatment is limited to a period of five years. The statute does not recognize any exception to this special treatment for copies of initial police reports that must be supplied to domestic violence centers pursuant to section 741.29, Florida Statutes.
Section 119.07(3)(s)1., Florida Statutes, and section 741.29(2), Florida Statutes, should be read together to exempt the home or employment telephone number, home or employment address, or personal assets of a person who has been the victim of domestic violence from the copy of the report of domestic violence forwarded by a law enforcement agency to the nearest locally certified domestic violence center if the victim makes a written request that such information be maintained as exempt pursuant to section 119.07(3)(s)1., Florida Statutes.
While it appears that this identifying information may be used for compiling statistical information on domestic violence and to advise victims of the availability of services, both purposes may be accomplished without revealing the address and telephone information and personal assets of the victim exempted by section 119.07(3)(s)1., Florida Statutes. Law enforcement officers are required by the statutes to advise domestic violence victims of the availability of shelter and services during their initial investigation of a complaint of domestic violence and the police report of a domestic violence incident must still be forwarded, without address and asset information if that is requested, to the domestic violence center for use in compiling statistics on this crime. Thus, the purposes of the statute may be accomplished without violating the victim's specific written request that address and asset information be treated as exempt from the requirements of the Public Records Law pursuant to section 119.07(3)(s)1., Florida Statutes.
In sum, it is my opinion that information revealing the work and home address and telephone number or personal assets of a victim of domestic violence must be excised from the copy of the report of domestic violence forwarded by a law enforcement agency to the nearest locally certified domestic violence center if the victim has requested in writing that such information be exempt from the Public Records Law pursuant to section119.07(3)(s)1., Florida Statutes.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tgh
[1] Section 741.29(1), Fla. Stat.
[2] Section 741.29(1), Fla. Stat. And see, s. 39.906, Fla. Stat., also requiring law enforcement officers to advise victims of domestic violence of services and legal rights and remedies.
[3] Section 741.29(2), Fla. Stat.
[4] Id.
[5] Section 119.07(1)(a), Fla. Stat., requires that every person who has custody of a public record to permit the record to be inspected and examined by any person desiring to do so, at any reasonable time, under reasonable conditions, and under supervision by the custodian of the public record or his designee.
[6] And see, s. 119.011(4), Fla. Stat., defining "[c]riminal justice agency" to mean, among other things, any law enforcement agency.
[7] But see, Op. Att'y Gen. Fla. 92-14 (1992), recognizing that information revealing the identity of a victim of sexual battery, child abuse, or lewd, lascivious or indecent assault upon or in the presence of a child should be treated differently than other identity information under section 119.011(3)(c)2., Fla. Stat.